IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RICKY D. CARROLL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO.  2:14cv368-WKW |
| | ) | (WO) |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Upon consideration of the plaintiff's motion for leave to proceed *in forma pauperis*, (doc. # 2) filed on May 19, 2014, it is

ORDERED that the motion be and is hereby GRANTED.

On May 19, 2014, *pro se* plaintiff Ricky D. Carroll ("Carroll"), filed this action alleging that his social security benefits have been improperly suspended during his incarceration.[1]

The court is required to review the plaintiff's complaint "as soon as possible," and dismiss the complaint if "the complaint [] is frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915A(a) and (b)(1).  Upon review of the complaint filed in this case, the Court concludes that dismissal of the complaint is appropriate under 28 U.S.C. § 1915(e)(2)(B).  Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the court

---

[1] Carroll is incarcerated at Staton Correctional Facility, in Elmore, Alabama.

shall dismiss a case proceeding *in forma pauperis* "at any time if the court determines that . . . the action . . . is frivolous or . . . fails to state a claim for which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  A claim is legally frivolous when it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).[2]  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.*, at 327.  *See also Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985).  This section gives a federal district court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose [legal theories or] factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.  *See also Woodall v. Foti,* 648 F.2d 268, 271 (5th Cir. June 16, 1981).[3]  Indeed,

> district courts have the inherent power to *sua sponte* dismiss frivolous suits without giving notice to the parties.  *See Jefferson v. Fourteenth Assocs.*,695 F.2d at 526. Under § 1915A, a complaint is frivolous if it is "without arguable merit either in law or fact." *Bilal*, 251 F.3d at 1349. In discussing what is frivolous in the context of 28 U.S.C. § 1915(e)(2)(B)(i), [the Eleventh Circuit] also ha[s] held that "[a] district court may conclude a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that the factual allegations are'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 292 (11th Cir. 1993).

*Davis v. Kvalheim*, 261 Fed. Appx. 231, 234-35 (11th Cir. 2008).

Pursuant to 42 U.S.C. § 402(x)(1)(A)(i), an individual may not collect social security

---

[2] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives of the present statute.

[3] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

benefits during a period of incarceration that exceeds thirty days.[4]  *See Treece v. Wilson*, 212 Fed. Appx. 948, 952 (11th Cir. 2007) ("[B]ecause the suspension of [the plaintiff's] old-age benefits during his incarceration is otherwise constitutional, [the plaintiff] has no legal entitlement to those benefits while he is incarcerated").   Thus, Carroll's claim in this case is frivolous and based on an indisputably meritless legal theory.  In light of the foregoing, dismissal of the plaintiff's claim is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).  *See Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636 (11th Cir. 1990).

Consequently, the court concludes that Carroll's claim in this action is frivolous because it is "without arguable merit in fact or law," and he has failed to state a claim on which relief may be granted.  Sections 1915(e) not only allows, *but expressly requires*, district courts to dismiss such accusations.  That federal statute provides that a district court "shall" dismiss a complaint at any time if the court determines that the action is "frivolous or malicious."  28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case

---

[4]  42 U.S.C. § 402(x)(1)(A) limits payments of benefits to individuals during their incarceration.

(1)(A) Notwithstanding any other provision of this subchapter, no monthly benefits shall be paid under this section or under section 423 of this title to any individual for any month ending with or during or beginning with or during a period of more than 30 days throughout all of which such individual--

(i) is confined in a jail, prison, or other penal institution or correctional facility pursuant to his conviction of a criminal offense, . . .

42 U.S.C. § 402(x)(1)(A)(i).

be DISMISSED pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **June 6, 2014.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982)*.  See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 23rd day of May, 2014.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE